**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22848-CIV-ALTONAGA**

**GUILLERMO GAMINO GAMINO**,

        Petitioner,

v.

**TODD BLANCHE**, *et al.*,

        Respondents.

_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Guillermo Gamino Gamino's Petition for Writ of Habeas Corpus [ECF No. 1], filed on April 23, 2026. Petitioner challenges his detention at the Federal Detention Center in Miami, Florida ("FDC Miami"). (*See generally id.*). Respondents filed a Response [ECF No. 5] and Petitioner filed a Reply [ECF No. 6]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

## I. BACKGROUND

Petitioner is a 38-year-old Mexican citizen who entered the United States without inspection on April 6, 2006 and has remained in the United States. (*See* Pet. ¶ 8). On March 24, 2024, Petitioner presented an I-589 Application for Asylum and for Withholding of Removal before the U.S. Citizenship and Immigration Services ("USCIS"). (*See id.* ¶ 36). He has significant ties to the United States, including three U.S. citizen children. (*See id.* ¶ 41).

On October 25, 2025, Petitioner was issued a Notice to Appear and detained by U.S. Immigration and Customs Enforcement ("ICE") while driving to work and has been in immigration detention since. (*See id.* ¶¶ 9, 29, 42; see also id., Ex. 4, Notice to Appear [ECF No.

1-4] 1; Resp., Ex. 3, Detention History [ECF No. 5-3] 1).  He asserts he has no criminal history that would indicate he is a danger to society, has complied with all immigration requirements, and does not pose a flight risk.  (*See* Pet. ¶ 40).

On January 6, 2026, Petitioner appeared at a custody hearing before the Krome immigration court.  (*See* Resp. 2; *see also id.*, Ex. 4, Jan. 15, 2026 Order [ECF No. 5-4] 1). [1]  An Immigration Judge ("IJ") denied bond, citing the Board of Immigration Appeals ("BIA") decision of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that under the Immigration and Nationality Act ("INA"), IJs have no jurisdiction to hear bond requests by aliens similarly situated to Petitioner.   (*See* Jan. 15, 2026 Order 1).   Petitioner filed a second Bond Re-determination Request with the Executive Office for Immigration Review on February 26, 2026, on which the IJ has taken no action.  (*See* Resp., Ex. 5, Mar. 3, 2026 Order [ECF No. 5-5] 1).

Petitioner asserts four claims for relief.   (*See generally* Pet.).   In Count I, Petitioner contends that Respondents' application of 8 U.S.C. section 1225(b)(2) to detain him violates the INA.   (*See id.* ¶¶ 60–64).   In Counts II and IV, Petitioner states that his detention without an individualized bond hearing violates his Fifth Amendment due process rights.  (*See id.* ¶¶ 65–67, 74–85).   In Count III, Petitioner contends that Respondents have acted contrary to law and in excess of their statutory authority by detaining him under section 1225(b)(2), and his detention must be set aside under the Administrative Procedure Act ("APA").  (*See id.* ¶¶ 68–73).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.  DISCUSSION

***INA Claim.***  Petitioner asserts that his detention under section 1225(b)(2) is unlawful because 8 U.S.C. section 1226(a) governs his detention.  (*See* Pet. ¶¶ 3–7, 60–64).  Respondents maintain Petitioner is subject to mandatory detention under section 1225(b)(2) because he is present in the United States without being admitted or paroled.  (*See* Resp. 3–17).

As Respondents recognize, courts in this District and the undersigned have rejected the arguments Respondents make here.  (*See id.* 2 n.2 (collecting cases)); *see generally Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025).[2]  Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome.  Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention, and Petitioner is entitled to a bond hearing.  *See Puga*, 2025 WL 2938396, at *5.[3]

---

[2] The INA issues presented in these cases are being considered by the Eleventh Circuit, which held oral argument on March 26, 2026.  *See generally Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 & 25-14075 (11th Cir. 2026).

[3] The Court declines to reach the merits of Counts II, III, and IV, as the Court grants the relief Petitioner seeks in Count I.  *See, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)).  If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claims.  And because Counts II, III, and IV are unripe claims contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss [them] without prejudice[.]"  *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alterations added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

***Administrative Exhaustion.*** Respondents also contend Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the BIA. (*See* Resp. 20). In *Matter of Yajure Hurtado*, the BIA decided that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2). (*See* Pet. ¶¶ 44–45). In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion" and therefore relieves a petitioner of exhaustion requirements. *Puga*, 2025 WL 2938369, at *2. Respondents supply no reason to depart from *Puga*'s reasoning (*see generally* Resp.), and the Court therefore finds that Petitioner is not required to challenge his detention before the BIA.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner, Guillermo Gamino Gamino's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2.      **Counts II, III, and IV** are **DISMISSED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

4